John Perotti, Respondent, 
against
Luis Sollecito and SOUTH SHORE HONDA, Appellants.



Appeal from a judgment of the District Court of Nassau County, First District (Colin F. O'Donnell, J.), entered February 8, 2013. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $4,871.25.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commended this small claims action to recover the sum of $4,500, alleging that he had been hired by defendants and was never paid for his services. After a nonjury trial, the District Court awarded plaintiff the principal sum of $4,871.25. 
In a small claims action our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). 
The District Court found that plaintiff and defendants had entered into an oral contract and that plaintiff had performed his obligations thereunder (see Strategic Domain, Inc. v Medsite, Inc., 304 AD2d 368 [2003]; Four Seasons Hotels v Vinnik, 127 AD2d 310 [1987]). As the court's determination is supported by the record, we find that the judgment provided the parties with substantial justice (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
Marano, P.J., Tolbert and Brands, JJ., concur.
Decision Date: June 15, 2016