Jangoula Haji, Appellant,
against
Versailles Furniture Corp., Respondent.




Jangoula Haji, appellant pro se.
Versailles Furniture Corp., respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered February 26, 2015. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the cost of allegedly defective furniture she purchased from defendant. At a nonjury trial, plaintiff testified that she had purchased furniture from defendant in September 2012; that there had been repeated delays in its delivery; and that when the furniture had finally been delivered in February 2013, she had been outside the United States. Plaintiff's daughter therefore made the final payment for the furniture, accepted delivery of the furniture on plaintiff's behalf, and signed a receipt stating that it had been delivered in good condition. Plaintiff claimed that, because the furniture had been boxed, her daughter had not been permitted to view the furniture before she had paid the balance due. She testified that the furniture had differed materially from the furniture she had ordered and had been defective; that both she and her daughter had made repeated efforts to complain about the furniture; and that defendant's president had refused to talk to either plaintiff or her daughter on the telephone. Defendant's president testified that all the boxes of furniture had been opened prior to delivery, and indicated that plaintiff's daughter had been afforded an opportunity to see the furniture before she had paid the balance due; that the furniture that had been delivered had been the same as that which had been ordered; that because it was a "special order," it could not be returned; and that it was not defective. [*2]Following the trial, the Civil Court dismissed the action. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find no basis to disturb the Civil Court's judgment, as it provided the parties with substantial justice according to the rules and principles of substantive law (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
Weston, J.P., Solomon and Elliot, JJ., concur.

Paul Kenny
Chief Clerk
Decision Date: April 21, 2017