Brandon Nicholas Kinkade, Respondent,
against
Sandy Dowbak, Appellant.




Sandy Dowbak, appellant pro se.
Brandon Nicholas Kinkade, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, First District (Darlene D. Harris, J.), entered February 26, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,150.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment dismissing the action. 
In this small claims action, plaintiff seeks to recover from defendant, a former tenant, the cost to replace damaged carpet in the apartment. After a nonjury trial, the District Court awarded plaintiff the principal sum of $1,150. On appeal, defendant contends, among other things, that the proof presented by plaintiff was insufficient to support the judgment and that, in any event, the amount awarded was excessive.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
In small claims actions, in order to show the reasonable value of services or repairs, an itemized bill or invoice, receipted or marked "paid," or two itemized estimates for services or repairs, are admissible in evidence and are prima facie evidence of the reasonable value and necessity of such services or repairs (see UDCA 1804). Here, both estimates submitted by a [*2]plaintiff set forth the cost to replace the carpet in two rooms, even though plaintiff's testimony indicated that the carpet was damaged in only one room. However, neither of the estimates were itemized to show the cost to replace the carpet in the one room which was proven to be damaged. As such, plaintiff failed to sufficiently prove the amount of damages. Consequently, the court erred in awarding judgment in plaintiff's favor (see Moriarity v Steve's Carpet, 1 Misc 3d 129[A], 2003 NY Slip Op 51572[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2003]; see also Jervis v Pilgrim, 15 Misc 3d 134[A], 2007 NY Slip Op 50725[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
Accordingly, the judgment is reversed and the matter is remitted to the District Court for the entry of a judgment dismissing the action.
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 22, 2018