Debra Cascardo, Appellant, 
against
Aaron Frishberg, Respondent.




Debra Cascardo, appellant pro se.
Aaron Frishberg, Esq., respondent pro se (no brief filed).

Appeal from a judgment of the City Court of White Plains, Westchester County (Brian Hansbury, J.), entered October 1, 2016. The judgment, insofar as appealed from, after a nonjury trial, dismissed the action.




ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $1,500 that she had given to defendant as a retainer to represent her at the oral argument of an appeal before the Appellate Division, Second Department. Defendant counterclaimed to recover the sum of $3,000, alleging that he had performed legal services in the amount of $4,500, of which $1,500 had been paid by plaintiff. At a nonjury trial, plaintiff testified that the underlying litigation concerned aspects of disability law. She stated that she had given defendant a copy of an outline prepared by her first attorney and that "we all agreed" that defendant was to "memorize" the document and not to add any additional legal authority in his presentation before the Appellate Division. Defendant testified that he "did not agree to be retained to memorize someone else's words and argue them," and that he felt that he could make plaintiff's legal arguments stronger by redrafting some of the legal arguments previously made in the action. Defendant further stated that he had represented to plaintiff that he had practiced in the disability field for many years and that he had appellate experience. Plaintiff discharged defendant prior to oral argument of the appeal. Following the trial, the City Court dismissed plaintiff's cause of action and defendant's counterclaim.
On this appeal from so much of the judgment as dismissed her cause of action, plaintiff again argues that defendant was hired for "basically learning and memorizing the original attorney's work product," and asserts that defendant failed to adequately investigate and comply with the rules of the Appellate Division.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive [*2]law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
In a claim for breach of contract, a plaintiff must show the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and the damages resulting from the breach (see Dee v Rakower, 112 AD3d 204, 208-209 [2013]). The record supports the trial court's implicit finding, based, in part, on credibility, that plaintiff did not establish that defendant had breached the contract that the parties had entered into. Consequently, we find no basis to disturb the City Court's determination dismissing plaintiff's cause of action, as it provided the parties with substantial justice according to the rules and principles of substantive law (see UCCA 1804, 1807). 
Accordingly, the judgment, insofar as appealed from, is affirmed.
BRANDS, J.P., MARANO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 10, 2018