Willie A. Watkins, Appellant,
against
Sabre Towing Service, Respondent.




Willie A. Watkins, appellant pro se.
Sabre Towing Service, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, First District (Joseph B. Girardi, J.), entered March 31, 2016. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover for damage caused by the allegedly faulty towing of his vehicle by defendant. At a nonjury trial, plaintiff testified that the vehicle's emergency brake was on when the car was towed. Defendant's employee testified that he towed the vehicle for five miles, and stated that, if the emergency brake had been on, the car would not have moved, and that it would have caused noticeable smoking from the vehicle, which did not occur. Following the trial, the District Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). 
A review of the record demonstrates that it supports the District Court's determination that plaintiff did not meet his burden of establishing by competent evidence that defendant was responsible for any alleged damage to his vehicle caused by the manner in which the vehicle was towed. In any event, plaintiff's submission of several receipts, quotes and invoices into evidence also failed to demonstrate, either through testimony or on their face, any connection to the damage alleged to have been caused by the towing. We note that one of the receipts submitted by plaintiff was not marked paid (cf. UDCA 1804) and preceded the date on which his vehicle [*2]had been towed. Thus, the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2018