Sheyla Romano, Appellant,
against
Joseph Sharp, Respondent.




Sheyla Romano, appellant pro se.
Joseph Sharp, respondent pro se (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the Justice Court of the Village of Hillburn, Rockland County (Jerome S. Jefferson, J.), entered October 26, 2017. The judgment, after a nonjury trial, awarded plaintiff the sum of only $500.




ORDERED that the judgment is affirmed, without costs.
At a nonjury trial in this small claims action to recover the sum of $1,000, plaintiff testified that she had paid defendant $1,000 to repair water damage to her apartment but defendant did not perform the repair work properly. Plaintiff stated that she had to pay another contractor to redo the work. Plaintiff did not have any photographs of the work defendant had performed, nor did plaintiff submit a paid bill from the second contractor. Defendant testified that he had fully performed the repair work in plaintiff's apartment in a workmanlike manner, for which he had been paid $1,000. He noted that plaintiff had paid him an additional $500, which was a deposit for a separate job to renovate plaintiff's bathroom. Defendant stated that he only did minimal work on the bathroom renovation job before he was fired. Following the trial, the Justice Court found that plaintiff had failed to prove that defendant did not perform the water damage repairs in a workmanlike manner and, thus, defendant was entitled to retain the $1,000 that he had been paid therefor. The court further found that any work performed on the bathroom renovation was minimal and that plaintiff was therefore entitled to the return of her $500 deposit. Plaintiff appeals, on the ground of inadequacy, from a judgment in her favor in the total sum of $500, arguing that she is entitled to recover the money she had paid defendant for his water damage repair work.
In a small claims action, our review is limited to a determination of whether "substantial [*2]justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Here, the evidence supports the court's determination that plaintiff was not entitled to a return of any portion of the $1,000 that she had paid defendant for the water damage repair work. Consequently, plaintiff failed to establish that she was entitled to any more than the $500 the court awarded her, representing her payment to defendant of a deposit on a bathroom renovation that defendant was to perform. Under the circumstances, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UJCA 1804, 1807).
Accordingly, the judgment is affirmed.
TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 09, 2019