Ira Spaulding, Respondent,
against
Flatrate Moving, Appellant.




Flatrate Moving, appellant pro se.
Ira Spaulding, respondent pro se.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Mojgan Cohanim Lancman, J.), entered March 28, 2017. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $3,638.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $5,000 for defendant's allegedly defective moving services, which had caused damage to plaintiff's grand piano, art work and cabinet. After a nonjury trial, at which plaintiff submitted two estimates from piano specialists to repair the piano, in the sums of $4,300 and $3,048, respectively, and defendant submitted only one estimate to repair the piano, in the sum of $1,400, the Civil Court accepted plaintiff's lower estimate and awarded plaintiff the principal sum of $3,048 for the piano. A judgment in the total principal sum of $3,638 (which sum included the other damaged items) was entered on March 28, 2017. On appeal, defendant argues that the court should have accepted its estimate for the cost to repair the piano.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive [*2]law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Pursuant to CCA 1804, two itemized estimates constitute prima facie evidence of the reasonable value and necessity of repairs. The court's decision to accept the lower of plaintiff's two estimates in determining the cost to repair the piano (see Lopez v Dobler Chevrolet, Inc., 16 Misc 3d 137[A], 2007 NY Slip Op 51738[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]), under the circumstances presented, provided the parties with substantial justice (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 07, 2019