Jonathan Peltz and Avriel Rykman Peltz, Respondents,
against
Kevork Kalayjian, Appellant, Maral Kalayjian, Defendant.




Kevork Kalayjian, appellant pro se.
Jonathan Peltz and Avriel Rykman Peltz, respondents pro se.

Appeal from a judgment of the Justice Court of the Town of Orangetown, Rockland County (Richard C. Finning, J.), entered November 21, 2017. The judgment, insofar as appealed from, after a nonjury trial, awarded plaintiffs the principal sum of $1,528.75 as against defendant Kevork Kalayjian.




ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
In this small claims action to recover the unreturned portion of a security deposit, Kevork Kalayjian (defendant) appeals from so much of a judgment of the Justice Court as, following a nonjury trial, awarded plaintiffs the principal sum of $1,528.75 as against him.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). 
At the trial, defendant argued that his retention of a portion of plaintiffs' security deposit was based upon a list of items which, he testified, required repair, replacement or cleaning. Plaintiffs proffered testimony rebutting defendant's testimony with respect to each item. Upon a review of the record, we find that the court's determination that plaintiffs were entitled to recover the principal sum of $1,528.75 as against defendant provided the parties with substantial justice (see UJCA 1804, 1807). We note that, while defendant maintains his entitlement to retain the portion of the security deposit covering plumbing and garage door repairs that had been made while plaintiffs had still been living at the premises, pursuant to the lease, "[l]andlord shall be responsible for repairs in or about the Leased Premises unless caused by the negligence of the Tenant," and no such negligence has been alleged.
Accordingly, the judgment, insofar as appealed from, is affirmed. 
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 13, 2019