Marovsa Maria Fasano, Appellant,
against
Melissa Leigh Fields and James Ray Fields, Respondents.




Marovsa Maria Fasano, appellant pro se.
George Michael Drosdowich, Esq., for respondents (no brief filed).

Appeal from a judgment of the City Court of Middletown, Orange County (Robert F. Moson, J.), entered May 31, 2017. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $5,000 to reimburse her for payment of various veterinary bills. At a nonjury trial, the evidence showed that, pursuant to a March 9, 2016 agreement between plaintiff and defendant Melissa Leigh Fields, possession and care of Jaegar, a female Doberman Pincher, had been transferred from Ms. Fields to plaintiff, who had, since February 23, 2016, been taking care of Jaeger. Ms. Fields assured plaintiff that Jaeger had undergone a wellness exam and that she was in good condition. While only an adoption had been contemplated initially, by March 12, 2016, plaintiff decided to keep Jaeger and informed Ms. Fields that she would provide her with a permanent home. No money was exchanged, and, pursuant to the March 9, 2016 agreement, veterinary expenses for Jaeger were to be borne by the new owner. On March 15, 2016, plaintiff obtained pet insurance for Jaeger and signed a transfer statement for the American Kennel Club, acknowledging that she was the new owner. Moreover, Ms. Fields transferred her dog license to plaintiff. After plaintiff had been in possession of Jaeger for about six weeks, Jaeger became ill, regurgitating food and exhibiting lethargy. In April of 2016, plaintiff took Jaeger to Orange County Animal Emergency [*2]Services for treatment. She followed up with additional examinations and treatment at Flannery Animal Hospital. All veterinary bills were in plaintiff's name, and plaintiff was reimbursed for some medical expenses through her insurance. For some charges, there was an issue with respect to whether or not there would be coverage for a pre-existing condition but there was little evidence on this issue. Despite discussions about returning Jaeger to Ms. Fields, Jaeger has remained in plaintiff's care and was well at the time of the trial. Following the trial, the City Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Article 2 of the Uniform Commercial Code is inapplicable here, as there was no sale involved. Moreover, plaintiff has no cause of action under article 35-D of the General Business Law, which also governs the sale of dogs (see General Business Law § 753).
Upon a review of the record, we find that it established that plaintiff, rather than defendant, was the owner who chose to provide emergency veterinary care to Jaeger and assumed those costs (see Caputo v Assante, 42 Misc 3d 133[A], 2014 NY Slip Op 50054[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; see also Agriculture and Markets Law § 108 [1], [10], [15], [16]). In addition, there was insufficient evidence that Jaeger had a chronic condition which was known to Ms. Fields at the time Jaeger was transferred to plaintiff.
Plaintiff's remaining contentions are without merit. Consequently, we find that the judgment in favor of defendant provided the parties with substantial justice (see UCCA 1804, 1807).
Accordingly, the judgment is affirmed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 13, 2019