Regal Electric, Inc., Appellant,
against
Siamak Hakakian, Respondent. 




Regal Electric, Inc., appellant pro se.
Siamak Hakakian, respondent pro se.

Appeal from a judgment of the District Court of Nassau County, Third District (Eileen J. Goggin, J.), entered May 3, 2018. The judgment, insofar as appealed from as limited by the brief, after a nonjury trial, dismissed plaintiff's cause of action.




ORDERED that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the District Court for a new trial limited to plaintiff's cause of action. 
Plaintiff commenced this commercial claims action to recover the principal sum of $5,000, representing the final payment due on a contract to perform work at defendant's home. Defendant filed a counterclaim in the amount of $5,000, alleging that, while performing the work, plaintiff's employees had damaged two chairs on defendant's property. At a nonjury trial, the District Court admitted the parties' contract and plaintiff's payment log into evidence, and plaintiff's owner testified that plaintiff had completed the work. Plaintiff's employees both testified that they had not damaged the chairs in question. Defendant testified that he was a "partner" at DDC, a furniture showroom company, and that DDC had hired plaintiff to perform work at defendant's residence, which was to be used as a model home to display furniture. Defendant admitted that, although a check in the amount of the final payment had been drafted, the check had not been forwarded to plaintiff, because of the damage to the chairs. Defendant testified that, in any event, he should not be held personally liable on the claim, but, instead, that DDC should have been sued. Following the trial, the District Court dismissed both plaintiff's cause of action and the counterclaim without prejudice, without making any findings of fact. As limited by its brief, plaintiff appeals from so much of the judgment as dismissed its cause of action.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584 [*2][2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Commercial Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find no basis for the District Court's dismissal of the claim without prejudice. Even if it be assumed that the District Court had determined that the proper defendant was DDC and that the dismissal of plaintiff's cause of action "without prejudice" should be interpreted to mean "without prejudice to instituting an action against DDC to recover the balance due on the contract," there is no basis for such a conclusion upon the record presented. While defendant's brief on appeal claims that the contract at issue was signed by "Domus Design Centers, Inc.," the record demonstrates that the contract (which was entitled "Invoice") was made out to "DDC," and that defendant had personally signed it without setting forth any representative capacity. Throughout the trial, DDC was referred to both by plaintiff's owner and defendant merely as "defendant's company," without any indication that it was a corporation. Indeed, none of the exhibits, including the check defendant introduced into evidence, listed DDC as being a corporation. In dismissing plaintiff's cause of action without prejudice, the District Court apparently did not pass on the merits of the action against the individual defendant. Consequently, the judgment, insofar as appealed from, did not provide the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804-A, 1807-A [a]). 
Accordingly, the judgment, insofar as appealed from, is reversed, and the matter is remitted to the District Court for a new trial limited to plaintiff's cause of action. 
ADAMS, P.J., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 15, 2019