Beverly November, Plaintiff,
against
Deshon Development Venture, LLC, Appellant. 




Certilman, Balin, Adler & Hyman, LLP (Anthony W. Cummings of counsel), for appellant.
Beverly November, respondent pro se.

Appeal from a judgment of the District Court of Nassau County, Fourth District (Scott H. Siller, J.), entered May 31, 2018. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $4,195.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $4,406, alleging that defendant, the developer from which she had purchased her new home, had installed defective flooring. Following a nonjury trial, the District Court awarded plaintiff the principal sum of $4,195, representing what it would cost plaintiff to replace the existing flooring with a similar quality product. Defendant appeals.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Defendant's argument on appeal presumes that defendant had replaced individual flooring boards with boards that did not match the original flooring, and that plaintiff sought to hold defendant liable for a color mismatch which, defendant argues, is not a defect under the governing documents. As there was no testimony or proof proffered at trial that defendant replaced any boards, there is no basis to reverse the small claims judgment (see UDCA 1804, [*2]1807). Defendant's argument that it was prejudiced by a joint trial with two other cases is without merit.
Accordingly, the judgment is affirmed. 
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020