Dominique Gago, Respondent,
against
3 Hassell Place, LLC, Appellant. 




3 Hassell Place, LLC, appellant pro se.
The Tesoriero Law Firm (Celeste Tesoriero, Esq.), for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Town of Cornwall, Orange County (Lynn A. Beesecker, J.), entered June 28, 2018. The judgment, upon a trial order granting plaintiff's application to amend the caption to add 3 Hassell Place, LLC as the defendant and, in effect, to withdraw the action as against Angelo Ruotolo, after a nonjury trial, awarded plaintiff the principal sum of $1,266.66 as against 3 Hassell Place, LLC.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action against Angelo Ruotolo to recover the principal sum of $3,000, the monetary jurisdictional limit of the Small Claims Part of the Justice Court (UJCA 1801), alleging that Ruotolo had failed to return a security deposit and first month's rent, totaling $3,800. Plaintiff and two other individuals had entered into a lease for a house, which lease had been signed by Ruotolo on behalf of landlord 3 Hassell Place, LLC, but the three individuals had elected not to move in. Plaintiff's complaint, in effect, acknowledged that these two other individuals had a claim to the same $3,800 and that each of them was commencing her [*2]own small claims action. The three actions, each seeking to recover $3,000, were tried together. During the course of the trial, upon reviewing the lease, the court determined that 3 Hassell Place, LLC was the proper defendant. The court asked the attorney representing all three plaintiffs if the plaintiffs wished to amend the captions accordingly, and counsel responded in the affirmative. Ruotolo objected on several grounds, including that 3 Hassell Place, LLC had not been served, and asserted that 3 Hassell Place, LLC was owned by a family trust of which he was not the only member. The court granted the "application," in effect, to withdraw the action as against Ruotolo and to amend the captions. Following the joint trial, the court awarded each of the three plaintiffs the sum of $1,266.66, or one third of $3,800, finding, in effect, that the house was not being used in conformity with its certificate of occupancy. Insofar as is relevant to this appeal, a judgment was entered awarding the plaintiff in this action, Dominique Gago, the sum of $1,266.66 as against 3 Hassell Place, LLC. 3 Hassell Place, LLC filed a notice of appeal which was signed by Ruotolo "as managing agent," and Ruotolo used that title to describe himself in the appellant's brief that he filed on behalf of 3 Hassell Place, LLC, as well.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record and defendant's contentions on appeal, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UJCA 1804, 1807). Ruotolo, upon whom service of process is not disputed, represented both at trial and in an email, which was admitted into evidence, that he was the sole owner of 3 Hassell Place, LLC. While Ruotolo also made the contradictory claim that 3 Hassell Place, LLC is owned by a family trust made up of himself and his children, it is undisputed that Ruotolo signed the lease on behalf of 3 Hassell Place, LLC. Under the circumstances, it was not unreasonable for the Justice Court to conclude that service upon Ruotolo was adequate to confer jurisdiction over 3 Hassell Place, LLC (see CPLR 311-a; see also Kupferberg v Hibbard,48 Misc 3d 142[A], 2015 NY Slip Op 51251[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]), and it cannot be said that the Justice Court's decision to add 3 Hassell Place, LLC as the defendant in this small claims action failed to render substantial justice (see UJCA 1804, 1807; cf. also UJCA 1809 [2]). 
Contrary to defendant's other jurisdictional argument, plaintiff's claim for $3,000 was within the monetary jurisdiction of the Small Claims Part of the Justice Court (UJCA 1801). To the extent that two other individuals had claims to the same $3,000, they could have been joined as necessary parties (see CPLR 3211 [a] [10]), but no such motion was made in the Justice Court. [*3]Rather, their separate actions were tried jointly. 
Defendant's remaining arguments are similarly without merit. Contrary to defendant's contention, the lease provision waiving a jury trial is applicable to this case. Furthermore, the Justice Court applied the rule permitting a corporation to appear and defend a small claims action "by any authorized officer, director or employee" (UJCA 1809 [2]) to this action against an LLC, and we find no basis to disturb that decision or the Justice Court's finding, in effect, that the house was not being used in conformity with its certificate of occupancy (see UJCA 1804, 1807).
Accordingly, the judgment is affirmed. 
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 6, 2020