Debra A. McCann, Appellant,
against
Irene Tarnowski, Respondent. 




Debra A. McCann, appellant pro se.
Irene Tarnowski, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered May 1, 2018. The judgment, insofar as appealed from, after a nonjury trial, dismissed plaintiff's cause of action.




ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this small claims action to recover from defendant, her former landlord, the principal sum of $5,000, constituting a return of her $2,000 security deposit and reimbursement of $3,000, representing the cost incurred by plaintiff in purchasing takeout food for five months as a result of defendant's alleged failure to provide gas for her stove. Defendant counterclaimed to recover $5,000, alleging loss of use of property and $2,000 in unpaid rent. After a nonjury trial, the Civil Court dismissed plaintiff's action and defendant's counterclaim. Plaintiff appeals from so much of the judgment as dismissed her cause of action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2006]). The determination of a trier of fact as to issues of credibility is given [*2]substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). Upon a review of the record, we find that the judgment, insofar as appealed from, rendered substantial justice between the parties (see CCA 1804, 1807).
Accordingly, the judgment, insofar as appealed from, is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 24, 2020