■ PATSY VIZZARI et al., Appellants, v STATE OF NEW YORK, Respondent.—In a claim to recover damages for personal injuries, etc., the claimants appeal, on the ground of inadequacy, from a judgment of the Court of Claims (Lengyel, J.), dated December 4, 1989, which, after a bifurcated nonjury trial, awarded the claimant Patsy Vizzari damages in the principal sum of only $120,000, and awarded the claimant Frances Vizzari damages in the principal sum of only $10,000.

Ordered that the judgment is affirmed, with costs.

The claimant Patsy Vizzari fell from a ladder and fractured his left hip while working at a construction site at the State University of New York at Purchase. In a bifurcated trial, the defendant State of New York was found liable for the accident pursuant to Labor Law § 240. Following a trial on the issue of damages, the court awarded the claimant Patsy Vizzari the principal sum of $120,000 and the claimant Frances Vizzari the principal sum of $10,000. In a written decision, the court divided the award into damages for lost wages and benefits, medical costs, pain and suffering, and loss of Patsy Vizzari's services. On appeal, the claimants contend that the Court of Claims erred in finding that there was insufficient medical testimony to causally link the accident to Patsy Vizzari's alleged back injury.

Contrary to the claimants' contentions, however, the court's written decision makes it clear that its determination was based upon factual conclusions arrived at by weighing the evidence presented by both parties. In such situations, this court will not disturb the court's findings and determinations unless they are against the weight of the evidence or contrary to law (see, Schock v State of New York, 168 AD2d 491; Ahnert v State of New York, 127 AD2d 927). A trial court's resolution of questions of credibility is particularly within its domain and should not be disturbed on appeal if supported by the record (see, Hanna v State of New York, 152 AD2d 881).

We have reviewed the claimants' remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.