2014-2490 W CRachel Romero, Appellant,
against
Wilson Williams, Respondent.



Appeal from a judgment of the Justice Court of the Town of Greenburgh, Westchester County (Walter Rivera, J.), entered June 11, 2014. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $1,550 for defendant's allegedly defective masonry work in repairing plaintiff's walkway and the exterior steps of her home. After a nonjury trial, the Justice Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). Upon a review of the record, we find no basis to disturb the Justice Court's determination that plaintiff failed to satisfy her burden of proving that defendant's masonry work was defective or had caused damage to plaintiff's steps. Consequently, the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UJCA 1804, 1807; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d at 126).
Accordingly, the judgment is affirmed.
Iannacci, J.P., and Tolbert, J., concur.
Decision Date: April 12, 2016