Nicolas Derival, Appellant,
against
Millennium Hyundai, Respondent.




Nicolas Derival, appellant pro se.
Labonte Law Group, PLLC (Stevan H. Labonte, Esq.), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Joseph B. Girardi, J.), entered September 24, 2015. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the sum of $5,000, alleging that he sustained damages as a result of his purchase of a used vehicle from defendant dealership. After a nonjury trial, the District Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
The record supports the District Court's determination that plaintiff failed to establish a prima facie case. Although plaintiff testified that the used car he had purchased from defendant had stopped on the highway almost seven months after he had taken possession of it, plaintiff [*2]admitted that he had never brought the car into a mechanic and failed to present any evidence establishing that repairs were needed to be made to the vehicle. Plaintiff failed to establish that defendant had breached any express warranty (see UCC 2-313) or the implied warranty of merchantability (see UCC 2-314 [2]; see also Ewen v Congers Auto Sales, Inc., 39 Misc 3d 145[A], 2013 NY Slip Op 50844[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). As plaintiff did not assert any viable theory of liability upon which he was entitled to recover, the judgment in favor of defendant dismissing the action rendered substantial justice between the parties (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: April 27, 2017