Frank Hansmann Contracting, Respondent,
against
June Mozian, etc., Appellant.




Clair & Gjertsen (Ira S. Clair, Esq.), for appellant.
Cattarrasa Law Office, for respondent (no brief filed).

Appeal from an amended judgment of the City Court of White Plains, Westchester County (Barbara A. Leak, J.), entered August 6, 2014. The amended judgment, after a nonjury trial, awarded plaintiff the principal sum of $3,000.




ORDERED that the amended judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $5,000, alleging that defendant had failed to pay for the services plaintiff had rendered in connection with defendant's bathroom renovation. Following a nonjury trial, an amended judgment was entered in favor of plaintiff in the principal sum of $3,000. On appeal, defendant argues that substantial justice was not rendered between the parties.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 [*2]AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (UCCA 1804, 1807; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d at 126).
Accordingly, the amended judgment is affirmed.
Iannacci, J.P., Tolbert and Brands, JJ., concur.
Decision Date: May 23, 2017