Christopher Roche, Respondent,
against
NY Breeder, Appellant.




Gullo & Associates, LLP, (Cristina Carollo of counsel), for appellant.
Christopher Roche, respondent pro se (no brief filed).

Appeal from a judgment of the Justice Court of the Town of Greenburgh, Westchester County (Arlene Gordon-Oliver, J.), entered November 22, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,000.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff, alleging that the puppy he bought from defendant for $2,500 was not the breed that he had bargained for, to wit, a Parti Yorkshire Terrier, seeks a partial reimbursement of the purchase price of the dog. At a nonjury trial, plaintiff submitted the results of an online DNA test, which had showed that the breed of the dog was different from that listed on the contract. Plaintiff also testified that his dog's ears were different from the average Yorkshire Terrier and that his dog weighed more than the average Yorkshire Terrier. Plaintiff submitted photographs of the breed that he had bargained for so that the court could compare his dog to the dogs in the photographs. Plaintiff further testified that he had subsequently purchased two other Yorkshire Terriers for $600 and $900. Defendant testified that the dog was the breed listed on the contract. Defendant also testified that the Parti color of the dog added a premium to the price. 
The Justice Court awarded plaintiff the principal sum of $1,000. Defendant appeals, arguing that the court erred in permitting a mail-in DNA test into evidence to establish the breed [*2]of the dog and that defendant's request to have an independent DNA test performed at his own expense should have been granted.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Small claims courts are not bound by statutory provisions or rules of practice, procedure, pleading or evidence (see UJCA 1804), and, thus, it cannot be said that the court improvidently exercised its discretion in permitting plaintiff's DNA test into evidence. In any event, plaintiff introduced other competent evidence that the breed of dog listed on the contract was not the dog he had been given. In addition, the court acted within its discretion in rejecting defendant's request for an adjournment to get a DNA test.
As the judgment in this case provided the parties with substantial justice (see UJCA 1804, 1807), the judgment is affirmed.
BRANDS, J.P., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 21, 2018