Julie Gafney, Respondent,
against
Calvin Sitorus, Appellant.




Calvin Sitorus, appellant pro se.
Julie Gafney, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (John J. Kelley, J.), entered December 8, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $3,954.




ORDERED that the judgment is affirmed, without costs.
In this small claims action to recover, insofar as relevant to this appeal, a security deposit and one month's rent, plaintiff testified, at a nonjury trial, that when her lease had commenced, she had paid two deposits of $1,850 each, one as a traditional security deposit, and the other for her last month of rent. The parties also submitted copies of the leases, showing that two deposits had been required and had been paid. Plaintiff stated that, upon each of her three renewal leases, for the last month's rent deposit, she had paid defendant the differential between her new rent and the prior monthly rent amount, and that the last incremental payment had brought that deposit to $2,104. Plaintiff testified that her rent was due on the 15th of each month; that she had paid the rent for the month starting March 15, 2015, submitting a cancelled check therefor; and that, on March 25, 2015, she had discovered there were bed bugs in the premises. That same day, the bed bugs were treated by a licensed professional. She attempted to contact defendant several times, and, on March 31, 2015, the parties met at the premises. At the meeting, defendant agreed that plaintiff could vacate the premises so long as she vacated by April 4, 2015, and left the apartment in good condition. Plaintiff stated that she moved out, cleaned the apartment, and returned the keys by April 4, 2015. Plaintiff submitted into evidence several photographs showing the condition of the premises after she moved out and cleaned, and two letters she had sent to defendant regarding the extermination of the bed bugs and, in the latter of the two letters, also regarding her early departure from the premises.
Defendant testified that plaintiff had failed to inform him that she was vacating the [*2]premises and had failed to return the apartment keys to him. Defendant stated that when he had come to the premises to pick up a rent check in April 2015, he had seen that plaintiff had essentially moved out but had left a few pieces of personal property in the premises. Upon advice from his attorney, defendant waited a month to rerent the apartment to see if plaintiff would return to pick up the property. Defendant stated that he had rented the apartment in May 2015, so he had allocated defendant's deposit of her last month of rent to the April 15, 2015 rent; that he had never seen any bed bugs in the premises; and that he thinks that plaintiff "created those bed bugs" because she wanted to move to Connecticut.
Following the trial, the Civil Court found that plaintiff had testified credibly and awarded plaintiff the principal sum of $3,954, finding that plaintiff had paid a total of $3,954 in security deposits; that the parties had agreed that plaintiff could vacate in April 2015; and that plaintiff had timely vacated and left the premises in a clean and orderly condition.
On appeal, defendant contends that he collected only one deposit and that plaintiff failed to adequately prove that she had paid her last month of rent.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
At trial, an issue of fact was presented regarding whether plaintiff had paid one or two security deposits, i.e., whether plaintiff had prepaid the last month of rent. The Civil Court specifically found plaintiff's testimony, which was supported by the lease and the cancelled checks, to be credible. As the court's determination is supported by the record and provides the parties with substantial justice (see CCA 1804, 1807), the judgment is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 08, 2019