Geneva Morgan, Appellant,
against
Long Island Roofing & Repairs Corp., Respondent.




Geneva Morgan, appellant pro se.
Long Island Roofing & Repairs Corp., respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (Paul L. Meli, J.), entered December 12, 2017. The judgment dismissed plaintiff's action and awarded defendant the principal sum of $2,000 on its counterclaim.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $5,000 from defendant, a roofing company, for allegedly installing the wrong roof shingles on plaintiff's home, and defendant interposed a counterclaim seeking to recover the principal sum of $2,000, representing the balance due on the parties' $6,500 roofing contract. Following a nonjury trial, the District Court dismissed plaintiff's action and awarded defendant the principal sum of $2,000 on its counterclaim.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of [*2]credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
At the trial, plaintiff testified that she had made it clear to defendant's employee that she wanted the roof shingles defendant was installing to have a uniform look. That employee testified that, after initially choosing one style and color of shingle, plaintiff changed her mind and chose a different one, which the employee told her was a two-tone shingle. The copy of the contract submitted into evidence by plaintiff reflects that a shingle style and color was crossed out and replaced with another, and that the cross-outs were initialed, apparently by plaintiff. The judgment in favor of defendant reflects that the District Court credited the testimony of defendant's witness. As we find no basis to disturb the court's credibility determination, the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807). 
Accordingly, the judgment is affirmed. 
ADAMS, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 25, 2019