Micky M. Solano, Appellant,
against
Shiv Dawadi, Manager (Repair Xpert), Respondent.




Micky M. Solano, appellant pro se.
Shiv Dawadi Manager (Repair Xpert), respondent pro se (no brief filed).

Appeal from a judgment of the Justice Court of the Village of Port Chester, Westchester County (Matthew J. Troy, III, J.), entered February 21, 2018. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $55, based on her purchase from Repair Xpert of an allegedly defective USB car charger. At a nonjury trial, plaintiff testified that, after she had used the car charger, it had ceased to work. Shiv Dawadi, Repair Xpert's store manager, testified, and plaintiff did not dispute, that plaintiff had failed to return the charger to the store within seven days of purchase, as the store's refund policy required. Following the trial, the Justice Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 [*2]AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
In view of plaintiff's failure to establish that, at the time of the purchase, the charger was defective (see UCC 2-607 [4]), or that she had complied with the store's seven-day return policy (see Marble Magician, Inc. v Boxenhorn, 25 Misc 2d 142[A], 2009 NY Slip Op 52465[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]), we conclude that the dismissal of the action rendered substantial justice between the parties according to the rules and principles of substantive law (see UJCA 1804, 1807).
Accordingly, the judgment is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 06, 2019