Ebonee Collens, Respondent, Dr.
against
John W.S. Sayegh, Appellant. 




Law Office of William G. Sayegh, P.C. (Zena Dubas and Maria Corrao of counsel), for appellant.
Ebonee Collens, respondent pro se.

Appeal from a judgment of the City Court of Peekskill, Westchester County (Reginald J. Johnson, J.), entered November 3, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,162.50.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, defendant appeals from a judgment which, after a nonjury trial, awarded plaintiff the principal sum of $1,162.50, representing the security deposit she had paid to defendant, her former landlord. 
In a small claims action, this court's review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their [*2]credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). 
Defendant's argument as to "venue" lacks merit, as this was a small claims case brought pursuant to UCCA 207 and UCCA 1801, and defendant conceded that he maintains an office in Westchester County (see UCCA 1801; Payne v Genato, 29 Misc 3d 1229[A], 2010 NY Slip Op 52086[U] [Rye City Ct 2010]; Germain v CNY Mgt. Corp., 121 Misc 2d 871, 871 [Albany City Ct 1983]). Defendant's argument that he was the improper party to be sued is raised for the first time on appeal, and we decline to consider it (see Crowder v LaGrande, 36 Misc 3d 140[A], 2012 NY Slip Op 51488[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Finally, as the record supports the court's determination that plaintiff established her entitlement to the return of her security deposit, we find that the judgment provided the parties with substantial justice (see UCCA 1804, 1807).
Accordingly, the judgment is affirmed.
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 08, 2019