William B. Flynn, Respondent,
against
Landmark Ventures USA, Inc., Appellant. 




Kerr, LLP (William Kerr of counsel), for appellant.
William B. Flynn, Esq., respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (Scott H. Siller, J.), entered July 9, 2018. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $5,000.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff, who is an attorney, seeks to recover the principal sum of $5,000, constituting reimbursement for his payment to an appellate printer for the costs of printing, serving and filing an appellate brief and record in an action in which defendant herein was the appellant. At a nonjury trial, plaintiff testified that he had previously been a member of the law firm of McCabe & Flynn, LLP, which had since become "defunct." Plaintiff testified that defendant had hired McCabe & Flynn, LLP to represent it in an appeal, and that, in connection with the appeal, plaintiff had retained Counsel Press to print, serve, and file an appellate record and brief. Defendant paid a $5,000 advance towards the printing costs. Counsel Press ultimately invoiced McCabe & Flynn, LLP $10,383.72 for its printing costs and $921.56 for tax, against which sum it credited a payment of $5,045. Defendant refused plaintiff's request that it pay the balance due on the invoice. When the invoice remained unpaid, Counsel Press sued McCabe & Flynn, LLP for the $6,260.28 balance due. Plaintiff testified that McCabe & Flynn, LLP became defunct, and that he had personally paid $5,000 to settle the action against McCabe & Flynn, LLP. Defendant, which appeared by its president, conceded that plaintiff had paid the sum in issue, but rather argued that the invoice had been excessively high, without any specific factual support for this contention. Following the trial, the District Court awarded judgment in favor of plaintiff in the principal sum of $5,000.
In a small claims action, our review is limited to a determination of whether "substantial [*2]justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). That deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
In this matter, we conclude that the evidence was sufficient to justify the award in favor of plaintiff, and that the judgment thus rendered substantial justice between the parties (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020