McCann v Howard Beach Realty, Inc. (2020 NY Slip Op 51227(U))

[*1]

McCann v Howard Beach Realty, Inc.

2020 NY Slip Op 51227(U) [69 Misc 3d 133(A)]

Decided on October 16, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 16, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2018-2427 Q C

Debra A. McCann, Appellant, 
against
Howard Beach Realty, Inc., Respondent. 

Debra A. McCann, appellant pro se.
Howard Beach Realty, Inc., respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County
(Maureen A. Healy, J.), entered May 31, 2018. The judgment, after a nonjury trial, dismissed the
action.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover a real estate broker's fee in the sum of
$2,200, which she paid to defendant upon renting an apartment in a residential house. 
At a nonjury trial, plaintiff testified that, prior to her moving into the apartment, she had been
unaware that a child lived in the apartment above hers or that there was a tenant living in the
apartment below hers. Moreover, she believed that she had the exclusive use of the side yard and
that she had a lease, rather than being a month-to-month tenant. Defendant's owner testified that
the landlord had painted the apartment and redone the floors at plaintiff's request, that 90% of the
apartments rented in the neighborhood are rented on a month-to-month basis, and that there was
no request from plaintiff for a lease. Defendant's real estate broker testified that, prior to moving
into the apartment, plaintiff had been introduced to the child living upstairs; that plaintiff had
gone to the apartment a number of times before she had moved in to clean it and to [*2]communicate with the painter; and that plaintiff knew there was a
tenant in the basement apartment.
This court's review of a small claims judgment is limited to determining whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]). The determination of a trial court as to
issues of credibility is given substantial deference, as the trial court's opportunity to observe and
evaluate the testimony and demeanor of the witnesses affords it a better perspective from which
to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992];
Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference to a trial court's
credibility determinations applies with even greater force to judgments rendered in the Small
Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find that the judgment provided the parties with substantial
justice according to the rules and principles of substantive law (see CCA 1804, 1807).
With respect to the conflicting accounts regarding plaintiff's awareness of the other tenants in the
building, the lack of a lease, and the other conditions, the Civil Court implicitly found that the
testimony of defendant's witnesses with regard to these matters was more credible than plaintiff's
testimony. As the court's determination is supported by the record, we find no basis to disturb
it.
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 16, 2020