Bridgemohansingh v Jomashop (2020 NY Slip Op 51293(U))

[*1]

Bridgemohansingh v Jomashop

2020 NY Slip Op 51293(U) [69 Misc 3d 136(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2019-424 K C

Naresh Bridgemohansingh, Respondent, 
against
Jomashop, Appellant. 

Gulko Schwed, LLP (Asher C. Gulko of counsel), for appellant.
Naresh Bridgemohansingh, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Joy F.
Campanelli, J.), entered December 11, 2017. The judgment, after a nonjury trial, awarded
plaintiff the principal sum of $3,550.

ORDERED that the judgment is modified by providing that plaintiff is awarded the principal
sum of $3,550 on condition that, within 30 days of the date of this decision and order, plaintiff
shall return the watch to defendant; as so modified, the judgment is affirmed, without costs; in
the event plaintiff fails to comply with this condition, the judgment is reversed, without costs,
and judgment is directed to be entered in favor of defendant dismissing the action.
In this small claims action, plaintiff seeks to recover the sum of $3,550 he paid defendant for
his online purchase of a watch. Following a nonjury trial, the Civil Court awarded plaintiff the
principal sum of $3,550.
This court's review of a small claims judgment is limited to determining whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584, 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]). The determination of a trial court as to
issues of [*2]credibility is given substantial deference, as the trial
court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords
it a better perspective from which to assess their credibility (see Vizzari v State of New
York, 184 AD2d 564, 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]).
This deference to a trial court's credibility determinations applies with even greater force to
judgments rendered in the Small Claims Part of the court, given the limited standard of review
(see CCA 1807; Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find no basis to disturb the Civil Court's determination
awarding plaintiff the principal sum of $3,550. However, as plaintiff is still in possession of the
watch, substantial justice requires that the watch be returned to defendant (see CCA 1805
[a]; 1807; Security
Dodge-Ram-Jeep-Chrysler v Breytman, 56 Misc 3d 135[A], 2017 NY Slip Op 50994[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Milligan v Wigs, 34 Misc 3d 128[A], 2011 NY Slip Op 52296[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Garber v New Idea by S.E.P., Inc., 20 Misc 3d 142[A], 2008 NY
Slip Op 51684[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).
Accordingly, the judgment is modified by providing that plaintiff is awarded the principal
sum of $3,550 on condition that, within 30 days of the date of this decision and order, plaintiff
shall return the watch to defendant; as so modified, the judgment is affirmed; in the event
plaintiff fails to comply with this condition, the judgment is reversed and judgment is directed to
be entered in favor of defendant dismissing the action.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020