Sylla v N.Y.C. Tr. Auth. (MABSTOA) (2020 NY Slip Op 51428(U))

[*1]

Sylla v N.Y.C. Tr. Auth. (MABSTOA)

2020 NY Slip Op 51428(U) [69 Misc 3d 147(A)]

Decided on November 20, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 20, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-162 RI C

Brima Sylla, Appellant, 
against
N.Y.C. Transit Authority (MABSTOA), Respondent.

Brima Sylla, appellant pro se.
Lawrence Heisler, Esq. (Alice Charles and Lawrence Heisler of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Richmond County
(Susan Quirk, J.), entered September 7, 2018. The judgment, after a nonjury trial, dismissed the
action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $2,508.49 for
damage to his car arising from a collision with a bus owned by the New York City Transit
Authority. Following a nonjury trial, the Civil Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of
fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with
greater force to judgments rendered in the Small Claims Part of the court (see Williams v
Roper, 269 AD2d at 126).
Upon a review of the record, we find that the Civil Court's implicit determination that the
collision was not caused by any negligence on the part of the bus driver is supported by the
record. Consequently, the judgment provided the parties with substantial justice according to the
rules and principles of substantive law (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 20, 2020