Winter v Del Regno (2021 NY Slip Op 51165(U))

[*1]

Winter v Del Regno

2021 NY Slip Op 51165(U) [73 Misc 3d 138(A)]

Decided on November 24, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 24, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2020-830 RO C

Carolyn Winter, Appellant,
against
Charles Del Regno, Respondent. 

Carolyn Winter, appellant pro se.
Charles Del Regno, respondent pro se (no brief filed).

Appeal from a judgment of the Justice Court of the Town of Clarkstown, Rockland County
(Howard Gerber, J.), entered July 16, 2020. The judgment, after a nonjury trial, awarded
defendant the principal sum of $3,000 on his counterclaim.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action against her landlord, for the return of her
security deposit. At the nonjury trial, the evidence established that plaintiff and defendant had
entered into a lease agreement from June, 2018 through May, 2020 for the downstairs of
defendant's home, and that they entered into a subsequent agreement to permit plaintiff to
sublease the downstairs, with plaintiff responsible for the $2,000 monthly rent. In April of 2020,
plaintiff, through Airbnb, subleased the premises to Claudia and Ashley Johnson, who failed to
move out after their two-week term had expired. At the expiration of plaintiff's lease in May of
2020, she commenced this action to recover her security deposit. Defendant stated that plaintiff
owed him rent for April and May of 2020, and filed a counterclaim during the trial (see
UJCA 1803 [c]). Plaintiff disputed defendant's assertion that April's rent was not paid. Plaintiff
withdrew her action and stated that defendant could apply her security deposit to May's rent. The
[*2]court stated that the security deposit could not be used for
rent because "you're still renting that apartment." The court then found that defendant was
entitled to two months' rent and awarded him $3,000 on his counterclaim. Plaintiff appeals.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier
of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 AD2d510, 511 [1991]). This deference applies with
greater force to judgments rendered in the Small Claims Part of the court (see Williams v
Roper, 269 AD2d at 126).
Upon a review of the record, we are of the opinion that the evidence at trial supported the
court's finding. As the maximum jurisdictional amount on a counterclaim interposed in a small
claims action in the Justice Court is $3,000 (see UJCA 1801, 1805 [c]), substantial
justice was rendered (see UJCA 1804, 1807) by the court in awarding defendant the
principal sum of $3,000 on his counterclaim.
We note that there is no merit to plaintiff's argument that the court refused to allow her to
present or fully explain her case.
Accordingly, the judgment is affirmed.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 24, 2021