D3J Solutions, Inc. v Potetti (2022 NY Slip Op 50450(U))

[*1]

D3J Solutions, Inc. v Potetti

2022 NY Slip Op 50450(U) [75 Misc 3d 132(A)]

Decided on May 19, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 19, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, HELEN VOUTSINAS,
JJ

2020-986 S C

D3J Solutions, Inc., Appellant,
against
Verona Potetti, Respondent. 

D3J Solutions, Inc., appellant pro se.
Verona Potetti, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Fourth District (C. Stephen
Hackeling, J.), entered September 18, 2020. The judgment, after a nonjury trial, dismissed
plaintiff's action and awarded defendant the principal sum of $1,923.03 on her counterclaim.

ORDERED that the judgment is modified by reducing the amount of the award in favor of
defendant on her counterclaim to the principal sum of $1,730.77; as so modified, the judgment is
affirmed, without costs.
Plaintiff commenced this commercial claims action seeking $552.92 alleging that defendant,
plaintiff's former employee, had already been paid by plaintiff for the 23 hours that she did not
work after she left plaintiff's office on Thursday, September 26, 2019. Defendant interposed a
counterclaim alleging that she was impermissibly fired and is entitled to two weeks' salary.
At a nonjury trial, plaintiff's owner testified that, on the morning of Thursday, September 26,
2019, after he gave defendant an oral warning because she wasn't "putting forth the effort,"
defendant got upset and walked out of the office. Defendant testified that she left the office that
day and was instructed by plaintiff's regional manager not to come back to the office for the rest
of the day. Defendant submitted an email she wrote later that day, telling plaintiff's owner that
she was resigning, effective Thursday, October 10, 2019. Defendant submitted a follow-up email
she wrote to plaintiff's owner thanking him for accepting her resignation effective October 10,
2019. The owner testified that he terminated defendant's employment on Thursday, September
26, 2019 and told her not to come back to the office on Friday, September 27, 2019. Plaintiff's
owner did not submit anything in writing notifying defendant of his decision to terminate her
employment as of September 26th. He testified that plaintiff pays its employees in advance so
defendant had already been paid for the three days that she did not work after she left the office
[*2](Thursday, September 26, 2019—minus an hour of
work that morning—Friday, September 27, 2019 and Monday, September 30, 2019).
Defendant testified that she returned to the office on Monday, September 30, 2019, to finish out
her two weeks, but was told by the owner to clean out her desk and leave because she was
terminated. 
The parties' employment contract was entered into evidence. Paragraph 4, entitled
"Termination," states, in pertinent part, that the agreement may be terminated by either the
Employer or Employee at any time, with or without cause upon written notice by either party to
the other."
In a decision dated September 16, 2019, the District Court dismissed plaintiff's action and
awarded defendant the principal sum of $1,923.03 on her counterclaim. The court stated that
defendant gave written notice of her employment termination effective October 10, 2019 and that
she was never served with a notice by plaintiff terminating her employment sooner. The court
credited defendant's testimony that the resignation date was effective October 10, 2019 and that
plaintiff breached the employment agreement when its owner orally terminated her employment
and did not permit her to work through October 10, 2019. The court's award of $1,923.03 on
defendant's counterclaim represents two weeks of pay or 80 hours. A judgment was subsequently
entered on September 18, 2020.
In a commercial claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and principles of
substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269
AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a
trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity
to observe and evaluate the testimony and demeanor of the witnesses affords it a better
perspective from which to assess their credibility (see Vizzari v State of New York, 184
AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference
applies with greater force to judgments rendered in the Commercial Claims Part of the court
(see Williams v Roper, 269 AD2d at 126).
The employment contract provided that defendant's employment may be terminated by either
party upon "written notice." The evidence revealed that defendant, as per the contract, provided
written notice of the termination of her employment, effective October 10, 2019.
Notwithstanding this two weeks' notice, pursuant to the contract, plaintiff had the right to
discharge defendant, with or without cause, at any time, upon written notice. However, plaintiff
never submitted any written notice to defendant. While the court was within its discretion to
credit the testimony that plaintiff's owner orally terminated defendant's employment, an oral
termination is ineffective based on the employment contract herein (see General
Obligations Law § 15-301; Critelli v Commonwealth Land Tit. Ins. Co., 98 AD3d
556 [2012]; Jaffe v Paramount Communications, 222 AD2d 17 [1996]). Thus, the proper
date of termination of the employment contract was October 10, 2019 as per defendant's written
resignation.
Plaintiff failed to submit any evidence in support of its claim that defendant was paid in
advance for Thursday, September 26, 2019, Friday, September 27, 2019 or Monday, September
30, 2019. However, defendant implicitly acknowledged in an email to plaintiff that she had been
paid for Thursday, September 26, 2019. Nevertheless, plaintiff failed to establish that it was
entitled to repayment of any money for the seven hours defendant had been paid for Thursday,
September 26, 2019 after she left the office, as the evidence showed that plaintiff's regional [*3]manager instructed her not to return to work that day. Because
defendant had already been paid for working on Thursday, September 26, 2019, she should have
only been awarded her salary for an additional nine days (72 hours) until October 10, 2019. 
Accordingly, the judgment is modified by reducing the amount of the award in favor of
defendant to the principal sum of $1,730.77.
GARGUILO, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 19, 2022