Beroukhim v Hertz Rent A Car (2022 NY Slip Op 50597(U))

[*1]

Beroukhim v Hertz Rent A Car

2022 NY Slip Op 50597(U) [75 Misc 3d 140(A)]

Decided on June 17, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 17, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-829 Q C

Shahin Beroukhim, Appellant, 
against
Hertz Rent A Car, Respondent. 

Shahin Beroukhim, appellant pro se.
Bennett, Bricklin & Saltzburg, LLC (Joseph De Donato of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Phillip
Hom, J.), entered November 13, 2018. The judgment, after a nonjury trial, dismissed the
action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $5,000 for
damage to his vehicle resulting from an accident with a vehicle owned by defendant and operated
by defendant's employee, Amira Hassan. At a nonjury trial, plaintiff testified that he was stopped
at a traffic light when defendant's vehicle struck his vehicle. Hassan testified that plaintiff turned
his vehicle to the right and collided with defendant's vehicle that was proceeding straight. The
police report, which was admitted into evidence, revealed that plaintiff told the reporting officer
that he was attempting to turn onto West 37th Street from lane #2. Following the trial, the Civil
Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of
fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 AD2d 510 [1991]). This deference applies with greater
force to judgments rendered in the Small Claims Part of the court (see Williams v Roper,
269 AD2d at 126).
Here, the court found that Hassan had provided credible testimony that it was plaintiff's
[*2]negligence which had caused the accident. As there is no
basis in the record to disturb the court's credibility determination, we find that the judgment in
favor of defendant rendered substantial justice between the parties according to the rules and
principles of substantive law (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 17, 2022