Sands v Hang Lin (2023 NY Slip Op 51254(U))

[*1]

Sands v Hang Lin

2023 NY Slip Op 51254(U)

Decided on November 13, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 13, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2022-964 Q C

Tyerell Sands, Appellant, 
against
Hang Lin, Respondent. 

Tyerell Sands, appellant pro se.
Hang Lin, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Ira R. Greenberg, J.), entered December 2, 2022. The judgment, entered upon a decision of that court dated October 27, 2022, after a nonjury trial, dismissed the action.

ORDERED that, on the court's own motion, the notice of appeal from the decision dated October 27, 2022 is deemed a premature notice of appeal from the judgment entered December 2, 2022 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial limited to the issue of damages.
Plaintiff commenced this small claims action to recover the principal sum of $10,000 for personal injuries sustained after defendant assaulted him at a restaurant at which defendant was employed.
At a nonjury trial, both parties testified that, on May 21, 2020, there was a physical altercation between them, resulting in an injury to plaintiff's right hand. Plaintiff was taken by ambulance to the hospital where it was noted in his medical records that he sustained a tendon laceration with an open wound, requiring stitches. Plaintiff testified that he subsequently had surgery followed by a month of physical therapy, and his right hand, which was his dominant hand, has not been the same since. Plaintiff also submitted photographs into evidence depicting the scarring to his hand/wrist which resulted from the incident. Plaintiff did not submit medical [*2]bills and testified that he did not lose work as a result of this injury.
In a decision dated October 27, 2022, the Civil Court credited plaintiff's testimony that he sustained a knife wound, which testimony was uncontested by defendant. However, the Civil Court found that there was insufficient proof of damages as there was no independent testimony or medical evidence of a disability associated with the injury.
In a small claims action, this court's review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
A review of the record reveals that the judgment did not provide the parties with substantial justice. While the Civil Court implicitly found liability here, the court dismissed the action based on plaintiff's alleged failure to provide proof of damages. Although the record reveals that plaintiff failed to submit evidence of medical expenses and conceded that he did not have a lost wages claim, plaintiff's testimony and submitted evidence were, contrary to the Civil Court's decision, a proper foundation to award damages, at least on the basis of pain and suffering (see Primiani v Lucido, 44 Misc 3d 142[A], 2014 NY Slip Op 51320[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Mitchell v Trade Fair, 2002 NY Slip Op 40423[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2002]; see generally Lieberman v Paper Cab Corp., 37 Misc 3d 135[A], 2012 NY Slip Op 52116[U] [App Term, 1st Dept 2012] [recovery for pain and suffering is not prohibited in a small claims case]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial limited to the issue of damages.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 13, 2023