Fradelakis v East Hills Chrysler Jeep Dodge Ram SRT (2023 NY Slip Op 51378(U))

[*1]

Fradelakis v East Hills Chrysler Jeep Dodge Ram SRT

2023 NY Slip Op 51378(U)

Decided on November 30, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 30, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2022-891 N C

Effie M. Fradelakis, Appellant,
against
East Hills Chrysler Jeep Dodge Ram SRT, Respondent. 

Effie M. Fradelakis, appellant pro se.
Milman Labuda Law Group, PLLC (Kyle F. Monaghan of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, Third District (Jaclene A. Agazarian, J.), entered September 30, 2022. The judgment, after a nonjury trial, dismissed the action.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $2,616.25. At a nonjury trial, the evidence showed that plaintiff had leased a vehicle from the Chrysler Financial Company (Chrysler). Plaintiff and her witness testified that, at the end of the lease, they had brought the vehicle to defendant, which had agreed to purchase the vehicle and, in effect, to indemnify plaintiff for excess mileage costs she owed to Chrysler. Defendant denied having made such an agreement and denied having purchased the vehicle from plaintiff; instead, defendant claimed that it had accepted the return of the vehicle on behalf of Chrysler, and had merely agreed to hold it for that entity on a temporary basis. Following a nonjury trial, the District Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
The judgment dismissing the action implicitly rested on a credibility determination [*2]which, upon a review of the record, we find no basis to disturb. Consequently, the judgment rendered substantial justice between the parties (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
EMERSON, J.P., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 30, 2023