Gelbart v Spota (2023 NY Slip Op 51404(U))

[*1]

Gelbart v Spota

2023 NY Slip Op 51404(U)

Decided on December 14, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 14, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, GRETCHEN WALSH, JJ

2022-1040 N C

Jacqueline Christina Gelbart, Respondent,
against
Anthony Spota, Appellant. 

Anthony Spota, appellant pro se.
Jacqueline Christina Gelbart, respondent pro se.

Appeal from a judgment of the District Court of Nassau County, First District (Marie F. McCormack, J.), entered November 18, 2022. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,400 and dismissed defendant's counterclaim.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action against her former landlord to recover her security deposit in the amount of $1,400. Defendant counterclaimed to recover the sum of $2,813, representing the costs to repair alleged damage to the apartment. At a nonjury trial, plaintiff testified that she vacated the apartment but defendant failed to return her security deposit. Defendant testified that plaintiff owed unpaid rent under the lease because her boyfriend moved into the apartment, triggering a rent increase. He further testified that plaintiff had caused damage to the apartment, and his counterclaim sought to recover for the alleged damage. Following the trial, the District Court awarded plaintiff the principal sum of $1,400, representing the full balance of her security deposit, and dismissed defendant's counterclaim.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams, 269 AD2d at 126).
Generally, a security deposit remains the property of the tenant (see General Obligations [*2]Law § 7-103 [1]) and must be returned at the conclusion of the tenancy absent proof, for example, that tenant caused damage beyond that attributable to ordinary wear and tear (see Yafei Li v Dao Ying Gao, 71 Misc 3d 139[A], 2021 NY Slip Op 50478[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; Wicklund v Mukhtyar, 55 Misc 3d 152[A], 2017 NY Slip Op 50789[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). A landlord is also generally entitled to offset unpaid rent in an action commenced by a tenant to recover a security deposit (see Stines v Bowins, 73 Misc 3d 144[A], 2021 NY Slip Op 51236[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]).
The record supports the District Court's implicit findings, based in part on credibility determinations, that defendant did not show that plaintiff caused any alleged damage beyond normal wear and tear, and that defendant did not prove that plaintiff's boyfriend had moved in or otherwise demonstrate defendant's entitlement to any additional rent. Moreover, we note that defendant failed to demonstrate compliance with General Obligations Law § 7-108 (1-a) (e). Thus, the judgment rendered substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
GARGUILO, P.J., EMERSON and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 14, 2023