Jae Lee v Hanyang Mkt. Place (2024 NY Slip Op 50394(U))

[*1]

Jae Lee v Hanyang Mkt. Place

2024 NY Slip Op 50394(U)

Decided on March 14, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 14, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JAMES P. McCORMACK, J.P., JERRY GARGUILO, TIMOTHY S. DRISCOLL, JJ

2022-9 N C

Jae Lee, Appellant,
against
Hanyang Market Place, Respondent. 

Jae Lee, appellant pro se.
Peter Menoudakis, for respondent (no brief filed).

Appeal from a judgment of the District Court of Nassau County, First District (David W. Wright, J.), entered December 15, 2021. The judgment, after a nonjury trial, dismissed the action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $5,000 for dental injuries she allegedly sustained as a result of eating "millet rice" that she had purchased from defendant's store. At a nonjury trial, plaintiff testified that she purchased a bag of millet rice from defendant on October 31, 2020, and stored it in her refrigerator until she cooked a small amount of it on January 3, 2021. She alleged that when she took a bite of the cooked rice, she discovered that the rice contained rocks, causing her to crack her teeth. She stated that she returned the bag containing the remainder of the uncooked millet rice to defendant's store on January 12, 2021, at which time a manager acknowledged that the bag contained many rocks. Defendant's counsel argued that defendant did not manufacture the rice, as demonstrated by the product's label which listed the name of a different corporation. Following a nonjury trial, the District Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive [*2]law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find that the judgment rendered substantial justice between the parties in accordance with the rules and principles of substantive law (see UDCA 1804, 1807), as the judgment was based, in part, on the District Court's implicit credibility determinations, which are entitled to substantial deference. Further, plaintiff failed to establish causation. Consequently, plaintiff's action was properly dismissed, as she failed to establish a prima facie case.
Accordingly, the judgment is affirmed.
McCORMACK, J.P., GARGUILO and DRISCOLL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 14, 2024