Motherwell, LLC v Patterson (2025 NY Slip Op 51166(U))

[*1]

Motherwell, LLC v Patterson

2025 NY Slip Op 51166(U)

Decided on July 11, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 11, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., WAVNY TOUSSAINT, JOANNE D. QUIÑONES, JJ

2024-667 K C

Motherwell, LLC, Appellant,
against
Jodie Patterson, Respondent. 

Motherwell, LLC, appellant pro se.
Davis Ndanusa Ikhlas & Saleem, LLP, for respondent (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New York, Kings County (Keisha Alleyne, J.), entered January 22, 2024. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $234.56.

ORDERED that the judgment is affirmed, without costs.
In this commercial claims action, plaintiff seeks reimbursement from its former tenant for charges plaintiff claims to have paid for electrical and water services which allegedly accrued, and went unpaid, during defendant's tenancy. At trial, defendant conceded to owing the $234.56 in water fees and agreed to pay the outstanding balance on a Con Edison electric meter which was assigned to the unit listed on the lease agreement—123G. Plaintiff, however, argued that defendant, who had rented the entire legal two-family house, was responsible for a second meter attached to the house, which Con Edison had kept running, but allegedly went unpaid throughout defendant's tenancy. After trial, the Civil Court (Keisha Alleyne, J.), in a decision dated January 17, 2024, awarded plaintiff the principal sum of $234.56 (apparently for the water bill) and denied all other clams in their entirety, finding that plaintiff had "not proven their prima facie case for the remaining amounts." A judgment was entered on January 22, 2024 in accordance with the decision. 
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807-A [a]; see CCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v [*2]Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Commercial Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
While plaintiff's witness testified that plaintiff paid for electricity measured on a second meter allegedly covering part of the leased unit during defendant's tenancy, plaintiff did not submit proof that the meter measured electricity used by tenant during her tenancy. The proof submitted by plaintiff of its payment to Con Edison did not even show that it was plaintiff who made the recorded payments or for what meter and during what period of time the payments were for. Thus, we agree with the Civil Court that plaintiff did not make out its prima facie case for reimbursement of its alleged payments for electric usage during defendant's tenancy as recorded on a separate meter. As plaintiff's remaining contentions are either without merit or unpreserved for appellate review, we find that the judgment rendered substantial justice between the parties according to the rules and principles of substantive law (see CCA 1807-A [a]; 1804-A).
Accordingly, the judgment is affirmed.
MUNDY, J.P., TOUSSAINT and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 11, 2025