Curtin v Hummel (2020 NY Slip Op 51485(U))

[*1]

Curtin v Hummel

2020 NY Slip Op 51485(U) [70 Misc 3d 126(A)]

Decided on December 3, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 3, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-958 S C

Keith Curtin, Respondent-Appellant,
against
Aurora Hummel and Nicholas Maugeri, Appellants-Respondents.

Aurora Hummel and Nicholas Maugeri, appellants-respondents pro se.
Keith Curtin, respondent-appellant pro se (no brief filed).

Appeal, and cross appeal on the ground of inadequacy, from a judgment of the District Court
of Suffolk County, First District (John Schettino, J.), entered December 24, 2018. The judgment,
after a nonjury trial, awarded plaintiff the principal sum of $140.11.

ORDERED that the judgment, is affirmed, without costs; and it is further,
ORDERED that the cross appeal is dismissed as abandoned.
Plaintiff commenced this small claims action against defendants, his former tenants, to
recover the principal sum of $4,755 for, among other things, damage allegedly caused by
defendants to the premises, including a washer and a dryer. After a nonjury trial, the District
Court found that defendants were responsible for the damage to the washer and dryer and, after
applying a credit, awarded plaintiff the principal sum of $140.11. 
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of
fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 AD2d 510 [1991]). This deference applies with greater
force to judgments rendered in the Small Claims Part of the court (see Williams v Roper,
269 AD2d at 126).
As the record supports the District Court's determination that defendants were responsible
for the damage to the washer and dryer, we find that the judgment provided the parties with
substantial justice according to the rules and principles of substantive law (see UDCA
1804, 1807; Williams v Roper, 269 AD2d at 126).
Accordingly, the judgment is affirmed. As the cross appeal has not been timely perfected, it
is dismissed as abandoned. 
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 3, 2020