Isnady v Parliman (2020 NY Slip Op 51552(U))

[*1]

Isnady v Parliman

2020 NY Slip Op 51552(U) [70 Misc 3d 132(A)]

Decided on December 24, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 24, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : BRUCE E. TOLBERT, J.P., THOMAS A. ADAMS, JERRY GARGUILO, JJ

2018-1016 OR C

Will Isnady, Appellant,
against
Raelene L. Parliman and William B. Tyndall, Respondents.

Will Isnady, appellant pro se.
Raelene L. Parliman and William B. Tyndall, respondents pro se (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the City Court of Middletown,
Orange County (Robert F. Moson, J.), entered October 27, 2017. The judgment, after a nonjury
trial, upon a finding that plaintiff was 50 percent at fault in the happening of the accident in
question, awarded plaintiff the principal sum of $761.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $1,522 for
damage to his vehicle resulting from an accident with a vehicle driven by defendant Raelene
Parliman. After a nonjury trial, the City Court awarded plaintiff $761, based upon an
apportionment of liability of 50 percent against plaintiff and 50 percent against defendants.
Plaintiff appeals on the ground of inadequacy.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues
of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate
the testimony and demeanor of the witnesses affords it a better perspective from which to assess
their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v
Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments
rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at
126).
As the court's determination to allocate 50 percent of the responsibility for the accident to
plaintiff is supported by the record, we find that the judgment rendered substantial justice
between the parties (see UCCA 1804, 1807).
Accordingly, the judgment is affirmed.
TOLBERT, J.P., ADAMS and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 24, 2020