New Millennium Med. Imaging, P.C. v Repwest Ins. Co. (2021 NY Slip Op
50577(U))

[*1]

New Millennium Med. Imaging, P.C. v Repwest Ins. Co.

2021 NY Slip Op 50577(U) [72 Misc 3d 127(A)]

Decided on June 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, J.P., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-234 K C

New Millennium Medical Imaging, P.C., as
Assignee of Lionel Ames, Tony Howard, Respondent,
against
Repwest Insurance Company, Appellant. 

Bryan Cave, LLP (Jennifer M. Jordan and Matthew Sarles of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Jill R.
Epstein, J.), entered November 7, 2019. The order denied defendant's motion for summary
judgment dismissing the complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary
judgment dismissing the complaint is granted. 
New Millennium Medical Imaging, P.C. (New Millennium) commenced this action to
recover assigned first-party no-fault benefits, under claim number 3375202011, for medical
services that it had provided to its assignors as a result of injuries which, the complaint stated,
had been sustained in an automobile accident on August 13, 2011. Before New Millennium
commenced this action, the insurer, Repwest Insurance Company (Repwest) had commenced a
declaratory judgment action in the Supreme Court, New York County, against New Millennium,
among other providers, and the assignors herein, alleging that Repwest had no duty to pay
no-fault benefits to the named defendants therein under claim number 00341462-2011 with
respect to an accident which had occurred on August 12, 2011.
After the providers and assignors failed to appear in the Supreme Court action, Repwest
moved in the Supreme Court for an order granting Repwest leave to enter a default judgment,
declaring that, because the providers had failed to appear at duly scheduled examinations under
[*2]oath (EUOs), they were not entitled to reimbursement of
no-fault claims arising out of an August 12, 2011 accident. The Supreme Court granted
Repwest's motion and declared that Repwest owes no duty to New Millennium and the other
providers to pay no-fault claims "with respect to the August 12, 2011 collision referenced in the
complaint."
Thereafter, Repwest moved in the Civil Court for summary judgment dismissing New
Millennium's complaint on the ground that the action in the Civil Court is barred by the order in
the declaratory judgment action. In support of its motion, Repwest submitted each assignor's
initial, signed application for no-fault benefits (NF-2), in which each assignor swore, under
penalty of perjury, that the accident date for claim number 3375202011 was August 12, 2011.
Repwest also submitted a transcript of an EUO of assignor Lionel Ames, who had testified that
the accident occurred on August 12, 2011. (Repwest had also requested an EUO of the second
assignor, but he failed to appear.) In addition, Repwest submitted a copy of a police accident
report and letters of representation from the assignors' attorneys, all of which set forth August 12,
2011 as the date of the accident. In a supporting affidavit, Repwest's claims supervisor asserted
that Repwest received these documents from the assignors' respective attorneys, and that, before
the Civil Court complaint was served, the only documents Repwest received for these assignors
using the August 13th date instead of the August 12th date were claim forms (NF-3s) created by
New Millenium, not by either of the assignors. The claims supervisor's affidavit also explained
that "Repwest assigned claim number 00337520-2011 for the BI ('liability') claims and claim
number 00341462-2011 for the PIP (no-fault) claims" for the August 12th accident. 
New Millennium opposed the motion, arguing only that, pursuant to the complaint, this
action seeks reimbursement for claims arising out of an accident which occurred on August 13,
2011, the date which appears on the claim forms annexed to defendant's motion papers, and that
the Supreme Court order pertains to a different accident. By order entered November 7, 2019, the
Civil Court denied defendant's motion, finding that a triable issue of fact exists as to whether res
judicata applies to the instant litigation.
We find that Repwest established, prima facie, that New Millenium's assignors sought
coverage for injuries arising from an August 12, 2011 accident that was the subject of the
Supreme Court declaratory judgment action; that they did not seek coverage for any injuries
arising from any accident that may have occurred on August 13, 2011; and that res judicata
therefore bars the instant action. All of the evidence created by the people who were in the
alleged accident uses the August 12th date. New Millenium's submission of its own claim forms
and its reliance on the allegations in its own complaint, which are not based upon personal
knowledge as to the accident and which contradict the documents created and executed by the
assignors themselves, assignor Ames's sworn testimony and the police report, are insufficient to
rebut Repwest's showing. Indeed, rather than taking the position that a trial is required to
determine the date of the accident at issue in this case, plaintiff's trial and appellate counsel each
had an ethical obligation to the court to inquire whether the August 13th date was a mere
typographical error (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 3.1
Comment [2]; 3.3 Comment [10]). 
Accordingly, the order is reversed and Repwest's motion for summary judgment dismissing
the complaint is granted.
TOUSSAINT, J.P., WESTON and ELLIOT, JJ., concur.
ENTER: 
Paul Kenny
Chief Clerk
Decision Date: June 21, 2021