Mid Suffolk Speech Pathology & Swallowing Disorder Servs. of L.I., P.C. v Hoxha
(2021 NY Slip Op 50589(U))

[*1]

Mid Suffolk Speech Pathology & Swallowing Disorder Servs. of L.I.,
P.C. v Hoxha

2021 NY Slip Op 50589(U) [72 Misc 3d 127(A)]

Decided on June 24, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 24, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2019-1247 S C

Mid Suffolk Speech Pathology &
Swallowing Disorder Services of L.I., P.C., Respondent,
against
Zen Hoxha, Appellant, Christina Hoxha, Defendant.

Zen Hoxha, appellant pro se.
Mid Suffolk Speech Pathology & Swallowing Disorder Services of L.I., P.C., respondent
pro se (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, First District (Elaine
Sorken, J.), entered May 15, 2018. The judgment, after a nonjury trial, awarded plaintiff the
principal sum of $264.77 and dismissed the counterclaim.

ORDERED that the judgment is affirmed, without costs.
In this commercial claims action, plaintiff seeks to recover the principal sum of $264.77
representing defendants' responsibility for "co-insurance & deduct[i]ble." Defendants
interposed a counterclaim to recover the principal sum of $612.87 for breach of contract,
claiming that plaintiff failed to provide requested services but billed for them anyway. 
At a nonjury trial, plaintiff's witness testified that defendant Christina Hoxha entered into a
contract with plaintiff whereby plaintiff was to "pursue all means necessary to obtain
speech/language/feeding services" for defendants' son. The evidence showed that plaintiff's
therapists provided those services, that defendants' insurer partially paid plaintiff for its services,
and that defendants were responsible for the remaining balance of $264.77. Defendant Zen
Hoxha testified that, while the contract called for the treatment of speech therapy, defendants
were only interested in obtaining treatment for swallowing dysfunction and/or oral function for
feeding, and did not wish to pay for speech therapy. Nevertheless, Zen Hoxha admitted that their
son was treated for speech therapy, in addition to swallowing therapy, and neither the witness nor
defendant Christina Hoxha stopped plaintiff's therapists from performing the speech therapy.
Following the trial, the District Court awarded judgment in favor of plaintiff in the principal sum
of $264.77 and dismissed the counterclaim.
In a commercial claims action, our review is limited to a determination of whether [*2]"substantial justice has . . . been done between the parties according
to the rules and principles of substantive law" (CCA 1807-A [a]; see CCA 1804-A;
Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125
[2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given
substantial deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their credibility
(see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade,
178 AD2d 510 [1991]). This deference applies with greater force to judgments rendered in the
Commercial Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
The evidence established that the parties entered into a contract whereby plaintiff was to
provide, among other things, speech therapy to defendants' son, and that defendants were aware
that speech therapy was being administered in addition to swallowing therapy. Consequently, the
evidence supported the court's finding that plaintiff was entitled to be paid the balance due of
$264.77 for the services rendered. Defendants' counterclaim was properly dismissed, as
defendants failed to establish that plaintiff fraudulently billed for services.
In view of the foregoing, we find that substantial justice was done between the parties
according to the rules and principles of substantive law (see CCA 1804-A, 1807-A
[a]).
Accordingly, the judgment is affirmed. 
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 24, 2021