Brown v Gibson (2022 NY Slip Op 51368(U))

[*1]

Brown v Gibson

2022 NY Slip Op 51368(U) [77 Misc 3d 139(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2022-113 N C

Francis E. Brown, Appellant,
against
James Gibson and Gibson's Complete Landscaping &
Design, Respondents. 

Frances E. Brown, appellant pro se.
James Gibson, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, First District (David
Wright, J.), entered January 19, 2022. The judgment, after a nonjury trial, dismissed the
action.

ORDERED that the judgment is affirmed, without costs.
In this small claims action to recover the principal sum of $2,000, plaintiff alleged
that defendants did not fulfill their obligations under a landscaping contract and rendered
their services in a defective manner. After a nonjury trial, the District Court dismissed the
action.
In a small claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and
principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v
Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126
[2000]). Furthermore, the determination of a trier of fact as to issues of credibility is
given substantial deference, as a trial court's opportunity to observe and evaluate the
testimony and demeanor of the witnesses affords it a better perspective from which to
assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992];
Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with
greater force to judgments rendered in the Small Claims Part of the court (see
Williams v Roper, 269 AD2d at 126). 
Upon a review of the record, we find that the judgment rendered substantial justice
between the parties according to the rules and principles of substantive law (see
UDCA 1804, [*2]1807).
Accordingly, the judgment is affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2022