Bieringer v Auto Expo, LLC (2022 NY Slip Op 51370(U))

[*1]

Bieringer v Auto Expo, LLC

2022 NY Slip Op 51370(U) [77 Misc 3d 139(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

As corrected in part through February 9,
2023; it will not be published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, ELIZABETH
H. EMERSON, JJ

2022-181 S C

Lynsey Bieringer, Respondent,
against
Auto Expo, LLC, Appellant. 

Auto Expo LLC, appellant pro se.
Lynsey Bieringer, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Second District
(Garrett W. Swenson, J.), entered February 1, 2022. The judgment, after a nonjury trial,
awarded plaintiff the principal sum of $3,370.25.

ORDERED that the judgment is modified by reducing the award in favor of plaintiff
to the principal sum of $450.94; as so modified, the judgment is affirmed, without
costs.
In this small claims action, plaintiff seeks to recover the principal sum of $5,000
based on her May 23, 2019 purchase from defendant of an allegedly defective used 2012
Jeep Patriot vehicle with approximately 116,000 miles on its odometer. At a nonjury trial
de novo (see Uniform Rules for Dist Cts [22 NYCRR] § 28.12), it was
undisputed that plaintiff had paid defendant $189 to apply a protective undercoating to
the vehicle. Plaintiff showed the court photographs to support her claim that defendant
had instead sprayed paint onto the bottom of the vehicle, which paint had flaked off.
Plaintiff further claimed that, immediately following her May 2019 purchase of the
vehicle, a check engine light had gone on and that she had returned the vehicle to
defendant, who failed to remedy the problem. Plaintiff submitted bills to the court which
demonstrated that, between April and May 2020, she had paid third parties to replace the
transmission assembly, traction light, exhaust manifold, and catalytic converter, and had
also paid $144.94 for an evaporative emission control system (EVAP) detection pump
and $117 for [*2]an EVAP purge solenoid.
Defendant's owner, Dana Rahimzadeh, denied that the vehicle had been sold with a
warranty and asserted that it had passed inspection two days prior to the sale to plaintiff.
He testified that he had sprayed undercoating onto the bottom of the vehicle prior to the
sale. Rahimzadeh did not dispute that the check engine light had gone on shortly
following plaintiff's purchase of the vehicle, but said that defendant had determined that
the reason for this was a problem with the gas cap, which in turn is related to the EVAP
system. He remarked that the vehicle had been driven almost 2,000 miles further when
plaintiff brought it for an inspection at a Jeep dealership, where no problem had been
found with either the catalytic converter or the transmission, and that the vehicle had
been driven approximately 18,000 more miles and almost a year had passed when
plaintiff incurred charges to replace the transmission assembly, the traction light, the
exhaust manifold, the catalytic converter, and portions of the EVAP system.
Following the trial, based on plaintiff's photographs of the vehicle and a credibility
finding, the court concluded that defendant had not applied undercoating to the vehicle.
It found that plaintiff had brought the other problems for which she sought a recovery to
defendant's attention within a short time following the purchase and that they were
therefore covered by the implied warranty of merchantability. The court awarded plaintiff
the principal sum of $3,370.25.
In a small claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and
principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v
Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
The determination of a trier of fact as to issues of credibility is given substantial
deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their
credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade
v Kincade, 178 AD2d 510 [1991]). This deference applies with greater force to
judgments rendered in the Small Claims Part of the court (see Williams v Roper,
269 AD2d at 126).
Plaintiff indicated in her testimony that she had expressly contracted for defendant to
apply a rubbery undercoating to the vehicle, and we find that the court's determination
that defendant breached its contract in this regard, and its inclusion in its award to
plaintiff of the $189 cost for that service, rendered substantial justice between the parties
(see UDCA 1804, 1807).
"Used cars . . . constitute 'goods' within the meaning of the Uniform
Commercial Code (UCC 2-105) and, where sold by a 'merchant' (see UCC 2-104
[1]), are covered by the implied warranty of merchantability that, unless specifically
excluded or modified as permitted under UCC 2-316, they are fit for the ordinary
purposes for which they are intended to be used (UCC 2-314 [2] [c])" (Ewen v
Congers Auto Sales, Inc., 39 Misc 3d 145[A], 2013 NY Slip Op 50844[U], *2 [App
Term, 2d Dept, 9th & 10th Jud Dists 2013]; see also Santiago v Parker Ave.
Xtra, Inc., 40 Misc 3d 130[A], 2013 NY Slip Op 51117[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2013]).
To recover under the implied warranty of merchantability, a plaintiff must
demonstrate that the defects complained of "rendered the car unfit for the ordinary
purposes for which it was intended [*3]to be used or
otherwise constituted a breach of the implied warranty of merchantability at the time the
car was delivered to [the] plaintiff" (Ewen v Congers Auto Sales, Inc., 2013 NY
Slip Op 50844[U], *2 [citations omitted]). Since there was evidence that there had been a
defect in the EVAP system at the time of plaintiff's purchase of the vehicle, to the extent
that, upon a finding that defendant had violated the implied warranty of merchantability,
the District Court awarded plaintiff $261.94, reflecting the total sum that plaintiff had
paid to repair the EVAP system, the judgment rendered substantial justice between the
parties (see UDCA 1804, 1807).
However, plaintiff failed to establish that the vehicle was otherwise unfit for the
ordinary purposes for it was intended to be used at the time of the purchase. Thus, to the
extent that the judgment was based on 2020 invoices to plaintiff for charges pertaining to
the vehicle's transmission assembly, exhaust manifold, and catalytic converter, the
judgment failed to render substantial justice between the parties (see UDCA
1804, 1807).
Accordingly, the judgment is modified by reducing the award in favor of plaintiff to
the principal sum of $450.94.
DRISCOLL, J.P., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2022