Russell v Rahaman (2024 NY Slip Op 51194(U))

[*1]

Russell v Rahaman

2024 NY Slip Op 51194(U)

Decided on August 20, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 20, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., WAVNY TOUSSAINT, PHILLIP HOM, JJ

2023-714 Q C

David N. Russell, Appellant,
against
Jennifer W. Rahaman, Respondent. 

David N. Russell, appellant pro se.
Jennifer W. Rahaman, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Andrea S. Ogle, J.), entered May 5, 2023. The judgment, after a nonjury trial, dismissed the action.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $8,000 based on a breach of contract. At a nonjury trial, plaintiff testified that he loaned defendant $8,000 to be paid back within two years. Defendant disputed that the money was a loan. She testified, among other things, that she never signed the purported loan agreement nor did she have knowledge of the loan terms on the check, as she could not read. Defendant further testified that she and plaintiff used the money together over two and a half years while they were dating; that plaintiff used some of the money to fix his home; and that she did not believe she owed plaintiff any money. Ultimately, the Civil Court did not credit plaintiff's testimony or evidence, as it found that the loan agreement, purportedly signed by defendant, was improperly notarized, based upon plaintiff's concession that defendant was not present when the document was notarized, and that the signature thereon did not match defendant's genuine signature. Following the trial, the Civil Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
As the court's determination that plaintiff had not demonstrated his entitlement to the return of any funds from defendant was based in large part on its credibility findings and is supported by a fair interpretation of the evidence which indicates that the money was, in effect, repaid, we find that the judgment rendered substantial justice between the parties (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
BUGGS, J.P., TOUSSAINT and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 20, 2024