Trimble v Hughes (2020 NY Slip Op 50742(U))

[*1]

Trimble v Hughes

2020 NY Slip Op 50742(U) [67 Misc 3d 143(A)]

Decided on June 18, 2020

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 18, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., BRUCE E. TOLBERT, TERRY JANE
RUDERMAN, JJ

2018-841 OR C

Jeremy Trimble, Respondent, 
against
David Hughes, Appellant. 

David Hughes, appellant pro se.
Jeremy Trimble, respondent pro se (no brief filed).

Appeal from a decision of the Justice Court of the Town of New Windsor, Orange
County (Noreen Calderin, J.), dated January 2, 2018, deemed from a judgment of that
court entered January 10, 2018 (see CPLR 5512 [a]). The judgment, upon the decision,
after a nonjury trial, awarded plaintiff the principal sum of $2,164.50 on his cause of
action and awarded defendant the principal sum of only $1,035.50 on his
counterclaim.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $2,772.15,
alleging that defendant, his former landlord, had improperly withheld a rental security
deposit. Defendant counterclaimed to recover the sum of $3,000, alleging that plaintiff's
family had damaged the house. After a nonjury trial, the Justice Court awarded plaintiff
the principal sum of $2,164.50 on his cause of action and awarded defendant the
principal sum of $1,035.50 on his counterclaim. Defendant appeals.
In a small claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and
principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v
Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Furthermore, the determination of a trier of fact as to issues of credibility is given
substantial deference, as a trial court's opportunity to observe and evaluate the testimony
and demeanor of the witnesses affords it a better perspective from which to assess their
credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade
v Kincade, 178 AD2d 510 [1991]). This deference applies with greater force to
judgments rendered in the small claims part of the court (see Williams v Roper,
269 AD2d at 126).
It is uncontroverted that plaintiffs had provided defendant with a $3,200 security
deposit, and it is well settled that a tenant's security deposit is the property of the person
making the deposit (see General Obligation Law § 7-103) and must be
returned at the conclusion of the tenancy unless there is proof that the tenant caused
damage beyond what is attributable to ordinary wear and tear (see Pignatello v Dutchess Knolls,
Inc., 51 Misc 3d 145[A], 2016 NY Slip Op 50736[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2016]; Mazzarelli v Moniaci, 21 Misc 3d 129[A], 2008
NY Slip Op 51967[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Where a
landlord establishes that the tenant caused such damage, it is the landlord's further burden
to establish the reasonable value of the cost to repair the damage (see Mills v Lynch, 48 Misc 3d
131[A], 2015 NY Slip Op 51046[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2015]). While the court found that defendant had established that plaintiff's family had
caused some damage beyond ordinary wear and tear, defendant failed to produce
sufficient proof of the reasonable value of the cost of repairs in the form of paid receipts
or two itemized estimates (see UJCA 1804; Ankhbara v Sharplis-Esprit, 47 Misc 3d 145[A], 2015 NY
Slip Op 50699[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). As plaintiff
has not cross-appealed, substantial justice does not require that the judgment be disturbed
(see UJCA 1804, 1807).
Accordingly, the judgment is affirmed.
ADAMS, P.J., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 18, 2020