JDJ Gateway, LLC v Kelly (2025 NY Slip Op 51161(U))

[*1]

JDJ Gateway, LLC v Kelly

2025 NY Slip Op 51161(U)

Decided on July 10, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 10, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., ELENA GOLDBERG-VELAZQUEZ, JOSEPH R. CONWAY, JJ

2024-881 S C

JDJ Gateway, LLC, Respondent,
against
Michelle M. Kelly, Defendant, John Di Iorio, M.D., Appellant. 

John Di Iorio, M.D., appellant pro se.
Smith, Carroad, Wan & Parikh, P.C. (Timothy Wan of counsel), for respondent (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Fourth District (Paul E. Hennings, J.), entered August 13, 2024. The judgment, insofar as appealed from and as limited by the brief, after a nonjury trial, awarded plaintiff the principal sum of $1,490 as against defendant John Di Iorio and dismissed so much of a counterclaim for loss of personal property as was interposed by Di Iorio.

ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
In this small claims action, plaintiff sought to recover the sum of $2,980 from defendant Michelle M. Kelly, a former tenant, for damage she allegedly caused during her occupancy, and from defendant John Di Iorio, M.D., as the guarantor on the lease. Defendants together counterclaimed for, insofar as is relevant to this appeal, loss of personal property, alleging that plaintiff, without notice, disposed of a chair that Kelly had left in the apartment after she vacated the premises at the end of her one-year lease. As limited by his brief, Di Iorio appeals from so much of a judgment of the District Court (Paul E. Hennings, J.) entered August 13, 2024, after a nonjury trial, as awarded plaintiff the principal sum of $1,490 on its cause of action against him and dismissed so much of that counterclaim as was interposed by him. Di Iorio argues that plaintiff failed to demonstrate that there was any damage to the apartment beyond ordinary wear and tear, and that the counterclaim for loss of personal property should not have been dismissed because there was no intent to abandon the chair that was left in the apartment.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the [*2]testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). 
Where a landlord seeks to be compensated for damages caused by a tenant's occupancy, the landlord must demonstrate that such damage is beyond what would be considered ordinary wear and tear (see James Bohl, CPA, P.C. v Poffenbarger, 59 Misc 3d 128[A], 2018 NY Slip Op 50405[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). If the damage caused exceeds what is attributable to ordinary wear and tear, the landlord has the further burden to prove the amount of the damage (see Trimble v Hughes, 67 Misc 3d 143[A], 2020 NY Slip Op 50742[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; Pignatello v Dutchess Knolls, Inc., 51 Misc 3d 145[A], 2016 NY Slip Op 50736[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; Mills v Lynch, 48 Misc 3d 131[A], 2015 NY Slip Op 51046[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). "An itemized bill or invoice, receipted or marked paid, or two itemized estimates for services or repairs, are admissible in evidence and are prima facie evidence of the reasonable value and necessity of such services and repairs" (UDCA 1804).
At trial, the parties disputed whether there was damage to the apartment beyond ordinary wear and tear and whether plaintiff had proven the cost to repair the damage. The property manager for the building testified, among other things, that a painting company hired to address the damage had to repaint the entire apartment and fix moldings in two places in the apartment, and that the superintendent for the building spent eight hours cleaning the apartment. Plaintiff submitted paid receipts from the painting company and the superintendent. The District Court implicitly found the testimony and evidence submitted by plaintiff's witness to be credible and the record supports the District Court's implicit finding of damage beyond ordinary wear and tear. Additionally, the lease specifically provided for plaintiff's right to dispose of personal property left in the apartment upon vacatur at the end of the lease. As the sum awarded is less than supported by the record, we find that Di Iorio has no basis to claim that the judgment did not render substantial justice between the parties in accordance with the rules and principles of substantive law (see UDCA 1804, 1807). 
Accordingly, the judgment, insofar as appealed from, is affirmed.
DRISCOLL, J.P., GOLDBERG-VELAZQUEZ and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2025