Shergill v Pannikodu

2026 NY Slip Op 50789(U)

May 14, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Courts—Small Claims--Substantial Justice--Property Damage

Gurmohan Shergill, Appellant,

v

Dr. Leeza Pannikodu, Respondent.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts

Decided on May 14, 2026

2025-267 N C

Present: : Timothy S. Driscoll, P.J., Joseph R. Conway, Maria S. Vazquez-Doles, JJ

Gurmohan S. Shergill, appellant pro se.
Dr. Leeza Pannikodu, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (Lisa A. LoCurto, J.), entered February 6, 2025. The judgment, after a nonjury trial, dismissed the action.

[*1]

ORDERED that the judgment is affirmed, without costs.

In August 2024, plaintiff commenced this small claims action for property damage allegedly caused by defendant, his former tenant. Specifically, plaintiff sought to recover the sum of $402 as the cost to replace a cracked mirrored closet door. After a nonjury trial, the District Court (Lisa A. LoCurto, J.) entered a judgment on February 6, 2025 dismissing the action.

In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).

Upon a review of the record, we find that the judgment rendered substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804, 1807).

Accordingly, the judgment is affirmed.

DRISCOLL, P.J., CONWAY and VAZQUEZ-DOLES, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: May 14, 2026